IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID PONDO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  22-2054 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                February 10, 2023

David Pondo ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying his claims for disability insurance benefits ("DIB").  For the following reasons, I will grant Defendant's uncontested motion for remand and remand this matter for further proceedings.

I.      **PROCEDURAL HISTORY**

Plaintiff was born on September 4, 1973, and protectively filed for DIB on April 27, 2017, alleging that he became disabled on August 18, 2015, as a result of disk herniation / degeneration and a traumatic injury to his ilioinguinal nerves following surgical treatment for testicular cancer.  Tr. at 64, 168, 191.  After his application was initially denied on August 15, 2017, id. at 93-103, he requested a hearing before an Administrative Law Judge ("ALJ"), id. at 112-13, which took place on November 5, 2018.  Id. at 58-92.  On January 16, 2019, the ALJ issued a decision finding that Plaintiff had not been under a disability since his alleged onset date.  Id. at 41-53.  On May 27, 2020, the Appeals Council denied Plaintiff's request for review, id. at 12-14, making the

ALJ's January 16, 2019 decision the final decision of the Commissioner.  20 C.F.R. § 404.981.

Plaintiff initiated this action by filing his complaint on May 25, 2022.  Doc. 1.  In response to Plaintiff's brief in support of his request for review, see Doc. 8, Defendant filed an uncontested motion for remand "to evaluate the nature, severity, and effects of Plaintiff's complex regional pain syndrome (CRPS) in accordance with SSR 03-2p; re-evaluate the opinion evidence and Plaintiff's residual functional capacity [(RFC)]; if warranted, obtain supplemental evidence from a vocational expert [(VE)]; take any further action needed to complete the administrative record; give Plaintiff an opportunity for a hearing; and issue a new decision."  Doc. 11 ¶ 3.[1]

## II.    DISCUSSION

In her decision, the ALJ found that Plaintiff suffered from the severe impairments of spine disorders, obesity, and malignant neoplasm of the testis, and that his medically determinable mental impairment of depression was non-severe because it caused no more than minimal work-related limitations.  Tr. at 43.  In her severity finding, the ALJ made no mention Plaintiff's CRPS, and thus did not state whether she found any limitations imposed by Plaintiff's CRPS.  In her RFC assessment, the ALJ found Plaintiff capable of performing light work, as defined in 20 C.F.R. § 404.1567(b), except he can stand for four hours and walk for four hours in an eight-hour workday; occasionally climb ramps,

---

[1]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

stairs, ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally tolerate work in vibration; and requires the occasional use of a cane to ambulate.  Id. at 46.  Based on this RFC determination and the testimony of a VE, the ALJ concluded that Plaintiff could perform his past relevant work as a licensed financial sales consultant and office manager.  Id. at 51-52.  In the alternative, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can also perform, including surveillance system monitor, inspector/grader, and assembler.  Id. at 52, 53.

In his brief, Plaintiff contends that the ALJ (1) overestimated Plaintiff's RFC by failing to identify his CRPS as a severe impairment, (2) erroneously rejected the opinion of the treating pain specialist, and (3) failed to incorporate all of Plaintiff's credibly established limitations in her RFC finding and hypothetical question to the VE.  Doc. 8 at 4-18.

In view of the Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and the record.  Plaintiff first alleges that the ALJ overestimated Plaintiff's RFC by failing to identify his CRPS as a severe medically determinable impairment.  Doc 8 at 4-9.  At step two of the five-step evaluation process, the ALJ must consider the medical severity of any medically determinable impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  To be medically determinable, an "impairment(s) must result from anatomical, physiological, or psychological abnormalities that can he shown by medically acceptable clinical and laboratory diagnostic techniques."  Id. § 404.1521.

To be severe, an impairment (or combination of impairments) must "significantly limit[] your physical or mental ability to do basic work activities." Id. §§ 404.1520(c). "If the evidence presented by the claimant presents more than a 'slight abnormality,'" then the severity requirement is deemed to be met. Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). Although ALJs are not required to accept every piece of evidence before them, they must give "some indication of the evidence which was rejected." Stewart v. Sec'y of HEW, 714 F.2d 287, 290 (3d Cir. 1983). "[A]n ALJ is not free to set [her] own expertise against that of a physician who presents competent evidence." Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985).

Here, Plaintiff had been diagnosed repeatedly with CRPS and intractable pain by multiple medical professionals. E.g., tr. at 519, 526, 532, 555, 665, 710. Therefore, the ALJ's failure to find this condition to be medically determinable at step two is inexplicable, and it also presumptively prejudicial because an ALJ is only required to consider limitations imposed by medically determinable impairments at the later stages of the sequential evaluation. See 20 C.F.R. § 404.1545(a)(2) (RFC based on consideration of all medically determinable impairments, including those that are not severe).

Moreover, the ALJ discounted any limitations imposed by Plaintiff's CRPS and pain, in part because they are "mainly based on [Plaintiff's] subjective complaints," tr. at 49, and because they are inconsistent with the medical evidence. Id. at 49, 50. However, in reaching this conclusion the ALJ relied heavily on Plaintiff's subjective reports of his daily activities, including doing laundry, visiting his physician, talking on the phone, reading, driving, and coin collecting, id. at 49-50, stating that "[s]uch activities are

4

inconsistent with disability." Id. at 51.  By both simultaneously relying on, and discrediting, Plaintiff's subjective testimony, the ALJ created an unexplained discrepancy.  Upon remand, the ALJ should evaluate the nature, severity, and effects of Plaintiff's CRPS in accordance with relevant guidelines.  See SSR 03-2p, "Titles II and XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome," 2003 WL 22399117 (Oct. 20, 2003).

In a related argument, Plaintiff alleges that the ALJ erroneously rejected the opinion of his treating pain specialist, Scott Rosenthal, M.D.  Doc 8 at 9-17.  For claims filed on or after March 27, 2017, federal regulations dictate that ALJs are not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."  20 C.F.R. § 404.1520c(a).  Instead, the regulations explain that medical opinions must be analyzed through the consideration of five factors: supportability, consistency, relationship with the claimant, specialization, and other factors.  Id. § 404.1520c(c).[2]  An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence.  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1983)).

---

[2]Plaintiff incorrectly asserts that the regulations continue to allow a higher weight to be assigned to the opinions of treating physicians.  Doc. 8 at 10.  Under the new regulations, although the treatment relationship between the author of the medical opinion and the patient is one of the five factors to be considered, see 20 C.F.R. § 404.1520c(c), the factors of supportability and consistency are most important and are the only factors which ALJs are required to address.  Id. § 404.1520c(b)(2).

The ALJ's conclusion that the opinions of Dr. Rosenthal and the other medical sources are "unpersuasive, overly restrictive, and an overstatement of the evidence," tr. at 48-50, is problematic because there appears to be significant medical evidence to support the presence of episodes of unrelenting chronic pain that have plagued Plaintiff since his testicular surgery. See, e.g., id. at 315-51, 518-49, 582-92, 631-69. On remand, after evaluating the nature, severity, and effects of Plaintiff's CRPS, the ALJ should re-evaluate the medical opinions to determine their support for and consistency with a CRPS diagnosis and limitations.[3]

Lastly, Plaintiff argues that the ALJ failed to incorporate all of Plaintiff's credibly established limitations in her RFC finding and hypothetical question to the VE. Doc. 8 at 17-18. As previously noted, the ALJ found Plaintiff capable of performing a limited range of light work. Reconsideration of the nature, severity, and effects of Plaintiff's CRPS, as well as the re-evaluation of the relevant medical opinions, will impact the RFC limitations and subsequent hypothetical questions to the VE, and therefore I do not find it necessary to further address this issue.

---

[3] Among the documents which support the need for reevaluation of Plaintiff's CRPS is an October 2018 letter from Dr. Rosenthal stating, "[Plaintiff] has severe pain. The pain has been resistant to treatment. He is unable to work. He is unable to concentrate. He must take large doses of medications. He is completely disabled." Tr. at 758-59. Although a medical opinion regarding disability status is not binding on the ALJ, Dr. Rosenthal's statement as a whole is not consistent with a finding of a slight limitation attributable to pain.

## III. CONCLUSION

Defendant has stated that on remand, an ALJ will offer Plaintiff a new hearing and further evaluate the evidence, with specific instruction to evaluate the nature, severity and effects of Plaintiff's CRPS. Doc. 11 ¶ 3. Because further evaluation of the evidence and a new hearing should address the issues Plaintiff has presented in his Request for Review, I will grant Defendant's uncontested motion for remand.